# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA
## LINCOLN DIVISION

| | |
|---|---|
| CATHERINE PALMER, individually and on behalf of others similarly situated, | ) CASE NO. 4:19-CV-3084 ) |
| | ) JUDGE JOHN M. GERRARD |
| Plaintiff, | ) ) |
| vs. | ) **DEFENDANT KCI USA, INC.'S** ) **RESPONSES AND OBJECTIONS TO** |
| KCI USA, INC., | ) **PLAINTIFF'S INITIAL DISCOVERY** ) **REQUESTS TO DEFENDANT** |
| Defendant. | ) |

Defendant KCI USA, Inc. ("KCI") submits these responses and objections to Plaintiff Catherine Palmer's Initial Discovery Requests to Defendant. KCI's responses are subject to confidentiality pursuant to the Protective Order entered on November 13, 2019 and the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

## INTERROGATORIES

1. Identify each person that participated in answering, or provided information used to answer, Plaintiff's discovery requests.

**ANSWER:** KCI objects to this Interrogatory on the grounds that it is overly broad in the scope of its subject matter, to the extent that it seeks the identity of every person who may have provided any information, however slight or immaterial, in preparing these responses.

Subject to and without waiving the foregoing objections, KCI states: Michelle Hahn, Operations Director, KCI USA, Inc. and Charles Gambill, Supervisor of Workforce Management, KCI USA, Inc., who may be contacted through defense counsel. KCI reserves its right to supplement its response to this Interrogatory.

2. Identify each person that participated in Defendant's communications, or attempted communications, with Plaintiff, or with (402) 336-7223.

**ANSWER:** KCI objects to this Interrogatory on the grounds that: (1) the overly broad definition of "communicate" encompasses types of information that are neither tangible nor maintained or stored in the ordinary course of business; and (2) the phrase "each person" is overbroad, encompassing all KCI affiliates across a large organization and imposing disproportionate burdens to find and analyze material that cannot be relevant or lead to the discovery of admissible evidence.

discovery of admissible evidence, including but not limited to the extent that the Request seeks documents regarding telephone numbers that are not cellular telephone numbers.

Subject to and without waiving the foregoing objections, KCI states: Attached.

18. For the telephone numbers identified through Defendant's answers to interrogatory nos. 9-14, and through documents and electronically stored information responsive to request for production nos. 11-16, documents and electronically stored information sufficient to identify names, addresses, and additional contact information that Defendant has for persons Defendant associates with the telephone numbers.

**RESPONSE:** KCI objects to this Request on the grounds that: (1) it is overly broad, unduly burdensome, vague and oppressive, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to the extent that the Request seeks documents regarding telephone numbers that are not cellular telephone numbers; and (2) vague, ambiguous, and subject to multiple interpretations.

Subject to and without waiving the foregoing objections, KCI states: Attached.

19. For the telephone numbers identified through Defendant's answers to interrogatory nos. 9-14, and through documents and electronically stored information responsive to request for production nos. 11-16, documents and electronically stored information evidencing express consent Defendant had to make, or cause to be made, communications, or attempted communications, to the telephone numbers, by using an automatic telephone dialing system, a predictive dialer, or an artificial or prerecorded voice.

**RESPONSE:** KCI objects to this Request on the grounds that: (1) it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to the extent that the Request seeks documents regarding telephone numbers that are not cellular telephone numbers; and (2) the definition of "predictive dialer" and "automatic telephone dialing system" are vague, ambiguous, and/or inconsistent with the actual definitions of those terms as set forth under the TCPA, applicable regulations, and applicable FCC guidance. For the sake of clarity: KCI denies that its dialing equipment constitutes an automatic telephone dialing system or a predictive dialer.

Subject to and without waiving the foregoing objections, KCI states: Attached.

20. Documents and electronically stored information sufficient to identify the persons or telephone numbers that fall within the class definition found at paragraph 47 of Plaintiff's class action complaint (ECF No. 1).

**RESPONSE:** KCI objects to this Interrogatory on the grounds that: (1) it improperly seeks to shift the burden of proof from Plaintiff to KCI with respect to establishing the requirements for certification of a putative class; (2) KCI is without knowledge or information sufficient to respond to this Request, including but not limited to the fact that, for example, at this time it does not know whether any particular telephone number was assigned to a cellular telephone service as set forth