IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CATHERINE PALMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KCI USA, INC.,<br><br>Defendant. | 4:19-CV-3084<br><br>ORDER |

    This matter is before the Court on the plaintiff's objection (filing 72) to the magistrate judge's order (filing 71) denying her motion (filing 44) for leave to file an amended class action complaint. The objection will be overruled.

    Denial of leave to amend a complaint is a nondispositive pretrial matter. *See Harris v. City of Texarkana, Arkansas*, 810 F. App'x 481, 482 (8th Cir. 2020); *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005). Accordingly, the Court will reconsider the magistrate judge's ruling only where it has been shown that the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). The magistrate judge's order here was neither.

    Specifically, the magistrate judge did not err in concluding that the plaintiff was on notice of the potential basis for the claim she seeks to add as early as February 10, 2020. Filing 71 at 4. Nor did the magistrate judge err in finding that adding the plaintiff's extremely broad new claim for relief would, at this date, prejudice the defendant. Filing 71 at 5. In addition, although the magistrate judge declined to address whether the proposed amendment would be futile, the Court also finds merit to that argument as well.

The plaintiff's first claim—the so-called "wrong number" claim—is premised on the allegation that she was mistakenly called by the defendant due to a transposed telephone number. *See* filing 1 at 8-9. And the claim she proposed reflected a class of persons who, like her, received wrong-number calls. Filing 1 at 9. But the new claim is far broader, and proposes a class of basically *everyone* the defendant called, for several years, using the dialing technology at issue. Filing 44-4.

The first problem with that claim is that it's not clear how the plaintiff has standing to assert it. The plaintiff has the burden of establishing the elements of standing, including an injury in fact that is fairly traceable to the challenged conduct of the defendant. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *St. Louis Heart Ctr. v. Nomax, Inc.*, 899 F.3d 500, 504 (8th Cir. 2018). And here, the plaintiff's injury is causally unrelated to the conduct challenged by this claim for relief: the challenged conduct is that the defendant allegedly didn't have consent to call people who had been prescribed its products, but the plaintiff would have been called at the wrong number even if the defendant *did* have consent to call the person it intended to call. Because there is no causal connection between the injury and the conduct complained of, the plaintiff has not established traceability. *See Nomax*, 899 F.3d at 504.

The other problem is related: because the plaintiff's injury isn't the same as the other members of the proposed class, she's not a proper class representative. The Court must carefully evaluate whether the interests of the proposed class members will be fairly represented, and class representatives must be part of the class *and* possess the same interest and suffer the same injury as the class members. *Golan v. Veritas Ent., LLC*, 788 F.3d 814, 821 (8th Cir. 2015); *see Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974). There is some question as to whether the issue of consent is even

generally amenable to determination in a class action, particularly when (as here) the question would likely be whether the recipient of the call provided consent indirectly. *See Ung v. Universal Acceptance Corp.*, 319 F.R.D. 537, 540-41 (D. Minn. 2017). But the problem is compounded in this case, where the plaintiff, who was never prescribed the defendant's medical equipment, is in a fundamentally different position (particularly vis-à-vis the issue of consent) than the new proposed class members who were.

In sum, the Court finds that the magistrate judge did not err in denying the plaintiff's motion for leave to amend, both for the reasons stated in his order, and because the plaintiff lacks both standing and representative capacity to assert the claim she seeks to add. Accordingly,

IT IS ORDERED that the plaintiff's objection (filing 72) is overruled.

Dated this 4th day of December, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge